**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY FINANCIAL NETWORK AND RETIREMENT SERVICES, INC. and JEFFREY NIMMOW,<br><br>Defendants. | Adversary Proceeding<br>Case No. 19-51016 (BLS)<br><br>**JURY TRIAL DEMANDED** |

**AMENDED[1] ANSWER TO COMPLAINT**

Legacy Financial Network and Retirement Services, Inc. ("Legacy") and Jeffrey Nimmow ("Nimmow") answer the Complaint as follows:

**ANSWER**

Defendants deny all material allegations contained in the Complaint to the extent that they are not expressly admitted hereinafter and herby answers each correspondingly numbered paragraph of the Complaint as follows:

[1] Amended items appear in **bold.**

## NATURE OF THE ACTION

1. Defendants admit that the Woodbridge Group of Companies, LLC ("Woodbridge," and collectively with is debtor affiliates, the "Debtors"), were operated by Robert Shapiro. As to the remaining allegations, these Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

2. These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

3. Defendants affirmatively allege that the Complaint speaks for itself; to the extent that a response is required to the allegations, Defendants deny the allegations. Defendants deny this paragraph to the extent it suggests Defendant received preferential transfers pursuant to 11 U.S.C. §§ 547, fraudulent transfers pursuant to 11 U.S.C. § 548, voidable transactions pursuant to California Civil Code § 3439.04 or other comparable provisions of state law; or to the extent it suggests that Defendants claims should be disallowed pursuant to 11 U.S.C. § 502(d) or equitably subordinated pursuant to 11 U.S.C. § 510(c); or to the extent or to the extent it suggests that Defendants violated Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c); or to the extent it suggest that the Defendants engaged in fraud or aided and abetted fraud.

## JURISDICTION AND VENUE

4. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 4. Pursuant to Rule 7012(b) of the Federal Rules of Local Procedure and Rule 7012-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware, Defendants affirmatively state that they do not consent to the entry of final orders or judgments by the Court.

5. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 5.

## THE PARTIES

***The Liquidation Trust***

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

12. These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters therein and therefore denies the same.

***Defendants***

13. These Answering Defendants admit that Legacy Financial was owned by Nimmow. Further answering Paragraph 13, admit that Nimmow is a resident of the State of Wisconsin. As to the remaining allegations contained in Paragraph 13, deny.

14. Deny.

## FACTUAL BACKGROUND

***The Fraud***

15. These Answering Defendants allege that the Court's order speaks for itself; further answering Paragraph 15, these Answering Defendants are without knowledge or

information sufficient to form a belief as to the truth of the matters asserted therein, and therefore deny the same.

16. Admit that neither Legacy nor Nimmow are registered as broker-dealers. As to the remaining allegation, these Answering Defendants are without knowledge as to the truth of the matters asserted therein, and therefore deny the same.

17. These Answering Defendants are without knowledge as to the truth of the matters asserted therein, and therefore deny the same.

18. These Answering Defendants are without knowledge as to the truth of the matters asserted therein, and therefore deny the same.

19. These Answering Defendants are without knowledge as to the truth of the matters asserted therein, and therefore deny the same.

***The Proof(s) of Claim***

20. Defendants admit that Debtors included a claim for Legacy Financial Network & Retirement Services on their schedules, and state that Debtors' schedules speak for themselves. Defendants also state that Defendant Jeffrey S. Nimmow filed the following proofs of claim in the Debtors' chapter 11 proceedings all of which speak for themselves:

| Claim # | Debtor Name | Date Filed |
|---|---|---|
| 8720 | Woodbridge Mezzanine Fund 1, LLC | 06/18/18 |
| 9013 | Woodbridge Investments, LLC | 06/18/18 |
| 9014 | Woodbridge Group of Companies, LLC | 06/18/18 |
| 9015 | Woodbridge Commercial Bridge Loan Fund 2, LLC | 06/18/18 |
| 9016 | Woodbridge Commercial Bridge Loan Fund 1, LLC | 06/18/18 |
| 9017 | Woodbridge Capital Investments, LLC | 06/18/18 |
| 9018 | WMF Management, LLC | 06/18/18 |
| 9019 | Woodbridge Structured Funding, LLC | 06/18/18 |
| 9020 | Woodbridge Mortgage Investment Fund 4, LLC | 06/18/18 |
| 9021 | Woodbridge Mortgage Investment Fund 3A, LLC | 06/18/18 |
| 9022 | Woodbridge Mortgage Investment Fund 3, LLC | 06/18/18 |

| | | |
|---|---|---|
| 9023 | Woodbridge Mortgage Investment Fund 2, LLC | 06/18/18 |
| 9182 | Woodbridge Mortgage Investment Fund 1, LLC | 06/18/18 |

21. These Answering Defendants admit that Legacy Financial presented Woodbridge notes and mortgages to customers and Legacy Financial received compensation for the same. As to the remaining allegations contained in Paragraph 21, deny.

***The Transfers***

22. Defendants admit that Legacy Financial received one or more payments from Woodbridge in the 90 days preceding the Petition Date, and denies the remainder of paragraph 22.

23. Defendants admit that Legacy Financial received one or more payments from Woodbridge in the two years preceding the Petition Date, and denies the remainder of paragraph 22.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers

24. These Answering Defendants reincorporate herein by reference the admissions, denials and affirmative allegations of Paragraphs 1 through 23 of this Answer.

25. These Answering Defendants are without knowledge as to the truth of the matters asserted therein, and therefore deny the same.

26. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 26.

27. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 27.

28. Deny.

## SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code**

29. These Answering Defendants reincorporate herein by reference the admissions, denials and affirmative allegations of Paragraphs 1 through 28 of this Answer.

30. These Answering Defendants are without knowledge as to the truth of the matters asserted therein, and therefore deny the same.

31. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 31.

32. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 32.

33. Deny.

## THIRD CLAIM OF RELEF

**Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code**

34. These Answering Defendants reincorporate herein by reference the admissions, denials and affirmative allegations of Paragraphs 1 through 33 of this Answer.

35. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 35.

36. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 36.

37. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 37.

38. Deny.

## FOURTH CLAIM OF RELEF

**Avoidance and Recovery of Actual Intent Voidable Transactions – State Law**

39. These Answering Defendants reincorporate herein by reference the admissions, denials and affirmative allegations of Paragraphs 1 through 38 of this Answer.

40. These Answering Defendants are without knowledge as to the truth of the matters asserted therein, and therefore deny the same.

41. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 41.

42. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 42.

43. These Answering Defendants are without knowledge as to the truth of the matters asserted therein, and therefore deny the same.

44. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 44.

45. Deny.

## FIFTH CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Voidable Transactions – State Law**

46. These Answering Defendants reincorporate herein by reference the admissions, denials and affirmative allegations of Paragraphs 1 through 45 of this Answer.

47. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 47. .

48. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 48.

49. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 49.

50. These Answering Defendants are without knowledge as to the truth of the matters asserted therein, and therefore deny the same.

51. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 51.

52. Deny.

## SIXTH CLAIM FOR RELIEF (AGAINAST ALL DEFENDANTS)

### Objection to Claims (Bankruptcy Code Section 502(d))

53. These Answering Defendants reincorporate herein by reference the admissions, denials and affirmative allegations of Paragraphs 1 through 52 of this Answer.

54. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 54.

(a) This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 54(a).

(b) This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 54(b).

55. Deny.

## SEVENTH CLAIM FOR RELIEF

### Equitable Subordination of Claims

56. These Answering Defendants reincorporate herein by reference the admissions, denials and affirmative allegations of Paragraphs 1-55 of this Answer.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

## EIGHTH CLAIM FOR RELIEF

**Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), and 12(a))**

62. These Answering Defendants reincorporate herein by reference the admissions, denials and affirmative allegations of Paragraphs 1 through 61 of this Answer.

63. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 63.

64. These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

65. Deny.

(a) Deny.

(b) Deny.

(c) Deny.

66. Deny.

67. This paragraph states legal conclusions to which no responsive pleading is required. In addition, these Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted therein. To the extent an answer is required, Defendants deny the allegations in paragraph **67.**

68. Deny.

**NINTH CLAIM FOR RELIEF**

**Fraud**

69. These Answering Defendants reincorporate herein by reference the admissions, denials and affirmative allegations of Paragraphs 1 through 68 of this Answer.

70. Deny.

71. Deny.

72. Deny.

73. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations in paragraph 73.

74. Deny.

**TENTH CLAIM FOR RELIEF**

**Aiding and Abetting Fraud**

75. These Answering Defendants reincorporate herein by reference the admissions, denials and affirmative allegations of Paragraphs 1 through 74 of this Answer.

76. These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted therein, and therefore denies the same.

77. Deny.

78. Deny.

79. These Answering Defendants admit that they received payments from Woodbridge, but deny Paragraph 79 as stated.

80. Deny.

**AFFIRMATIVE DEFENSES**

As and for affirmative defenses, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The claims alleged in the Compliant are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

3. The claims in the Complaint are barred by the intentional misconduct of the Debtors.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims are barred by the doctrine of setoff and/or recoupment and/or release and waiver.

**FIFTH AFFIRMATIVE DEFENSE**

5. Fraud has not been pleaded with the requisite particularity required under applicable law.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff seeks recovery of monies that the Defendants are obligated under a consent order to the Wisconsin Division of Securities to pay to various investors and any payment or return of alleged commissions or compensation would be unjust and inequitable and a double payment.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendants are entitled to equitable indemnity from the Debtors due to the Debtors' intentional misconduct.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff may not recover the alleged preferential transfers because the parties intended the transfers to be part of a contemporaneous exchange for new value given to the Debtors, and the transfers were in fact, substantially contemporaneous under 11 U.S.C. § 547(c).

**NINTH AFFIRMATIVE DEFENSE**

9. The Transfers may not be avoided by Plaintiff by reason that the receipt of such transfers was in the ordinary course of business under 11 U.S.C. § 547(c)(2). Any payments from the Debtors to the Defendants were made in the payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Defendants and the Debtors, the payments were made in the ordinary course of business or financial affairs of the Defendants and the Debtors and the payments were made according to ordinary business terms. Specifically, the Defendants allege that the payments were consistent with the course of dealing between the Defendants and the Debtors and there was no unusual collection activity during the preference period.

**TENTH AFFIRMATIVE DEFENSE**

10. The Transfers may not be avoided by reason of the new value provided by the Defendants pursuant to 11 U.S.C. § 547(c)(4) because the Defendants provided new value to or for the benefit of the Debtors following certain payments.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Some or all of the transfers described in the Complaint were made to Defendants in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

**TWELFTH AFFIRMATIVE DEFENSE**

12. Some or all of the transfers described in the Complaint are not avoidable because Defendants took in good faith and for reasonably equivalent value pursuant to California Code § 3439.08.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The claims set forth in the Complaint are barred under the doctrines of waiver, release, laches, unclean hands, in pari delicto, and/or estoppel.

14. Defendants reserve the right to allege other affirmative defenses, if any, as they become known during the course of discovery and specifically reserves the right to amend their answer to allege such affirmative defenses as they become known. Further, to the extent that any of the stated affirmative defenses are deemed to be in the nature of counterclaims, Defendants reserve the right to prosecute them as such.

**JURY TRIAL DEMAND**

15. Defendants demand a jury trial in this action.

Dated this 28th day of February, 2020.

**Gellert Scali Busenkell & Brown LLC**

By: */s/ Charles J. Brown, III*
Charles J. Brown (DE 3368)
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
Phone: 302-425-5813
Fax: 302-425-5814
cbrown@gsbblaw.com

*Counsel to Legacy Financial Network and Retirement Services, INc. and Jeffrey Nimmow*